STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

DAN M. KARMEL (NYBN 5151485)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7007
    FAX: (415) 436-7234
    Dan.Karmel@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> MICHAEL SANDY ABADILLA, <br>     Defendant. | CASE NO. CR 19-00072 VC <br><br> **GOVERNMENT'S SENTENCING MEMORANDUM** <br><br> Sentencing Date:   May 10, 2021 <br> Time:   10:00 a.m. <br> Judge:   Hon. Vince Chhabria |

## I. INTRODUCTION

On January 16, 2019, officers from the San Francisco Police Department and the Bureau of Alcohol, Tobacco, Firearms and Explosives executed a search warrant at the home of the defendant, Michael Sandy Abadilla. *See* Presentence Investigation Report ("PSR") ¶ 9. The search yielded, among other things, five full auto Glock conversion switches. *Id.* ¶¶ 9–11. For the reasons set forth below, the government recommends that Mr. Abadilla be sentenced to twelve months and one day of imprisonment, three years of supervised released, and a mandatory $100 special assessment, and that Mr. Abadilla be ordered to forfeit the property seized during the search of his residence, as set forth on page 5 of Probation's Sentencing Recommendation.

## II. BACKGROUND

### A. The Charged Conduct

On December 21, 2018, Mr. Abadilla purchased five full auto Glock conversion switches from Wish.com, an online retailer, which were delivered to his home in San Francisco, California, on January 1, 2019. *Id.* ¶¶ 7, 17. Based on a review that Mr. Abadilla posted on the website, law enforcement officers were able to identify a Facebook page suspected to belong to Mr. Abadilla. *Id.* ¶ 8. The Facebook profile included pictures and videos of the user possessing firearms and manipulating what appeared to be a suppressor or silencer and attaching it to a handgun while wearing hearing protection. *Id.* The Facebook user also posted that he had previously been arrested for charges of "possession of firearm . . . firing and endangering the public . . . and possession of a blowgun," and provided an account of his public defender and court proceedings. *Id.*

An investigation of Mr. Abadilla ensued, and on January 16, 2019, law enforcement executed a search warrant at Mr. Abadilla's residence. *Id.* ¶ 9. When they arrived, Mr. Abadilla opened the front door and was detained without incident. *Id.* Law enforcement seized multiple items during the search, including the following:

- Five automatic conversion switches that convert semi-automatic Glock style pistols to machineguns;
- Three Glock style pistols manufactured from 80% build kits; and
- Firearm manufacturing kits, tools, and parts.

*Id.* ¶¶ 10–11. Additionally, during the execution of the search warrant, Mr. Abadilla's computer screen was visible in screensaver mode and displayed various pictures of a Glock style 80% pistol being manufactured. *Id.* ¶ 9. The five automatic conversion switches recovered from Mr. Abadilla's residence were designed and intended to convert semiautomatic Glock-style pistols into "machineguns," weapons that shoot, are designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. *Id.* ¶ 11. None of the switches were registered with the National Firearms Registration and Transfer Record. *Id.* Following his arrest, Mr. Abadilla voluntarily surrendered to law enforcement a sixth conversion switch that had not been found during the search of his residence. *Id.* ¶¶ 13, 17.

**B.     The Indictment and Guilty Plea**

On February 12, 2019, Mr. Abadilla was charged in a three-count Indictment with violations of 18 U.S.C. §§ 922(o) and 924(a)(2) – Possession of Machineguns (Count 1) and 26 U.S.C. §§ 5861(d) and 5871 – Possession of Unregistered Firearms (Counts 2 and 3). *Id.* ¶ 1. Mr. Abadilla pled guilty to Counts 1 and 2 pursuant to a plea agreement on January 30, 2020. *Id.* ¶ 2. On August 13, 2020, following the Ninth Circuit's decision in *United States v. Kuzma*, 967 F.3d 959 (9th Cir. 2020), the parties jointly requested the Court vacate Mr. Abadilla's conviction on either Count 1 or Count 2 of the Indictment. (Dkt. No. 35.) On August 17, 2020, the Court granted the parties' motion and vacated Mr. Abadilla's conviction on Count 2 of the Indictment. (Dkt. No. 36.)

## III.    SENTENCING GUIDELINES CALCULATIONS

As set forth in the PSR, the Sentencing Guidelines calculation for Mr. Abadilla's offense level is as follows:

| | | |
|---|---|---:|
| a. | Base Offense Level, U.S.S.G. §2K2.1(a)(5): | 18 |
| b. | Specific offense characteristics under U.S.S.G. Ch. 2 (offense involved 3-7 firearms) (U.S.S.G. §2K2.1(b)(1)(A)) | + 2 |
| c. | Adjusted Offense Level | 20 |
| d. | Acceptance of Responsibility, U.S.S.G. §3E1.1: | - 3 |
| e. | Total Offense Level: | 17 |

*See* PSR ¶¶ 19–28.

The PSR concludes that Mr. Abadilla's criminal history score is 0, and that he therefore falls into Criminal History Category I. *Id.* ¶ 32. The government agrees with Probation's offense level and criminal history calculations. As reflected in the PSR, the Guidelines range for imprisonment associated with an adjusted offense level of 17 and Criminal History Category I is 24 to 30 months. *Id.* ¶ 62.

## IV.    SENTENCING RECOMMENDATION

**A.     Legal Standard**

The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *United States v. Carty*, 520

F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991. In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (3) the need for the sentence imposed to afford adequate deterrence to criminal conduct; and
>
> (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

### B. A Sentence of Twelves Months and One Day is Sufficient but Not Greater than Necessary in Light of the Section 3553(a) Factors

Mr. Abadilla has been convicted of a serious criminal offense. He possessed multiple full auto conversion switches that were designed and intended to convert semiautomatic Glock-style pistols into machineguns. In doing so, he not only violated the law, but he put himself and the community at risk. Nonetheless, there are a number of mitigating factors in this case, including Mr. Abadilla's limited criminal history and his wife's health issues. Mr. Abadilla also deserves significant credit for voluntarily surrendering the sixth switch to the government after it was not found during the search of his residence.

Balancing the seriousness of the offense against those mitigating factors, it is the government's position that a below-Guidelines sentence is appropriate. Accordingly, the government recommends that the Court sentence Mr. Abadilla to twelve months and one day of imprisonment, three years of supervised released, and a mandatory $100 special assessment. The government also requests that the Court impose the following suspicionless search condition:

> You must submit your person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), or any property under your control to a search. Such a search must be conducted by a United States Probation Officer or any federal, state or local law enforcement officer at any time with or without suspicion. Failure to submit to such a search may be grounds for revocation. You must

warn any residents that the premises may be subject to searches.

## V. CONCLUSION

For the foregoing reasons, the government recommends that the Court sentence Mr. Abadilla to twelve months and one day of imprisonment, three years of supervised release, and a $100 special assessment, and that Mr. Abadilla be ordered to forfeit the property seized on or about January 16, 2019, as set forth on page 5 of Probation's Sentencing Recommendation.

DATED: May 3, 2021

Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

 /s/ Dan Karmel
DAN M. KARMEL
Assistant United States Attorney